IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-10-0250 |
| | § | |
| CANDIDO CASTILLO DE LEON | § | (Civil Action No. H-11-1499) |

## MEMORANDUM AND ORDER

This criminal prosecution is before the Court on Defendant Candido Castillo
De Leon's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255
("§ 2255 Motion") [Doc. # 34].  The United States filed its Response [Doc. # 43], and
De Leon filed a Reply [Doc. # 44].  The Court has carefully reviewed all pertinent
matters in this criminal case.  Based upon this review, the Court's clear recollection
of the criminal proceedings in the case, and the application of governing legal
authorities, the Court **denies** De Leon's § 2255 Motion and **dismisses** the
corresponding civil action (Civil Case No. H-11-1499) for reasons set forth below.

## I.    BACKGROUND

De Leon is a citizen of Mexico.  On June 28, 2007, De Leon was deported to
Mexico after being convicted in the United States of felony possession of a controlled
substance and felony theft of property.  De Leon illegally reentered the United States

in October 2008, and he was arrested in January 2009 on a probation violation warrant in connection with a charge of driving while intoxicated.  He was sentenced to three years for violating the terms of his probation.  In March 2010, he was found in Huntsville, Texas, at the Texas Department of Criminal Justice.

De Leon was indicted by a grand jury in April 2010 for illegally re-entering the United States after a prior deportation.  On May 26, 2010, De Leon entered a plea of guilty, and he was sentenced on September 30, 2010, to a term of imprisonment of twenty-two (22) months.

De Leon filed his § 2255 Motion on April 18, 2011.  In the § 2255 Motion, De Leon challenges the adequacy of the guilty plea procedure, challenges his sentence on various grounds, and asserts that his waiver of the right to appeal was not made knowingly and voluntarily.  De Leon asserts also that the Court erred in finding that a prior felony conviction was an aggravated felony "in the absence of state recidivist proceedings."  *See* § 2255 Motion, p. 12.  The § 2255 Motion has been fully briefed and is ripe for decision.

## II.   **STANDARD OF REVIEW**

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).  "Following a conviction and exhaustion

or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under [§] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice."[1]  *Id.*; *see also Massaro v. United States*, 538 U.S. 500, 504 (2003); *Frady*, 456 U.S. at 166; *United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001); *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000).

## III.   ANALYSIS

### A.   Adequacy of Guilty Plea Procedure

De Leon asserts as Ground One of his § 2255 Motion that the Court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure.[2]   In his Reply, De Leon states specifically that the Court did not advise him of his "Boykin" rights under *Boykin v. Alabama*, 395 U.S. 238 (1969), by failing to tell him that he had a right to

---

[1]   In his § 2255 Motion, De Leon does not assert an independent ineffective assistance of counsel claim but, instead, asserts ineffective assistance of counsel to avoid a procedural bar of his claims that were raised for the first time on collateral review. The Court does not reject any of De Leon's claims in the § 2255 Motion on the basis of a procedural bar and, therefore, De Leon is not required to establish cause and prejudice for not asserting the claims previously.

[2]   De Leon states as a supporting fact for this claim that there was a "breach of the plea agreement."  *See* § 2255 Motion, at 5.  There was no plea agreement, however, in this case.

a jury trial, that he had the right to remain silent, and that he had the right to confront and cross-examine witnesses at trial.  *See* Reply [Doc. # 44], p. 19.[3]

Rule 11 provides that the Court must address the defendant personally and must inform the defendant of several rights.  *See* Fed. R. Crim. P. 11(b)(1).  The Court is required to ensure that the plea is voluntary and to determine that there is a factual basis for the plea.  *See id.* 11(b)(2) and 11(b)(3).  The record in this case establishes that the Court complied with each of these requirements.

De Leon was placed under oath and addressed personally by the Court.  *See* Rearraignment Transcript [Doc. # 39], p. 3.  The Court advised De Leon of the government's right to prosecute him for perjury if he made a false statement, in compliance with Rule 11(b)(1)(A).  *Id.* at 4.  The Court advised De Leon of his right to plead not guilty, and his right to a jury trial, in compliance with Rule 11(b)(1)(B) and (C).  *Id.* at 8.  The Court advised De Leon of his right to be represented by counsel, including court-appointed counsel, in compliance with Rule 11(b)(1)(D).  *Id.*

---

[3]    De Leon also purports to quote from the Government's response as relying on De Leon's detention hearing and preliminary hearing to establish that De Leon was advised of "all of his Rule 11 rights except the right to confrontation and compulsory process."  Reply, p. 21.  The Government in this case, however, did not rely on any proceedings other that the rearraignment on May 26, 2010, and did not concede that De Leon was not advised of his right to confrontation and compulsory process.  Instead, the Government argued correctly that the Court during the May 26 rearraignment "complied fully with the provisions of Rule 11 before it accepted De Leon's plea."  Response [Doc. # 43], p. 10.

at 9.  The Court advised De Leon of his right to confront and cross-examine witnesses at trial, to be protected against self-incrimination, to testify and present evidence, and to compel the attendance of witnesses, in compliance with Rule 11(b)(1)(E).  *Id.* at 9-11.  The Court advised De Leon that he would waive these rights if he pled guilty, in compliance with Rule 11(b)(1)(F).  *Id.* at 11.  The Court then verified that De Leon understood these rights and understood that he would give them up if he entered a guilty plea.  *Id.*  The Court advised De Leon of the nature of the charge against him and the maximum possible penalty, as required by Rule 11(b)(1)(G), (H), and (L).  *Id.* at 11-12, 16.  The Court advised De Leon that the Court would calculate an applicable sentencing range under the United States Sentencing Guidelines and would consider the sentencing factors in 18 U.S.C. § 3553(a), in compliance with Rule 11(b)(1)(M).  *Id.* at 18-20.  The Court determined from the parties that there was no plea agreement.  *Id.* at 18.

The Court ensured that De Leon's plea was voluntary and was not the result of force, threats, or promises, as required by Rule 11(b)(2).  *Id.* at 21-23.

The Court also determined that there was a factual basis for De Leon's plea.  The Assistant United States Attorney stated what the Government would be able to prove if the case went to trial, establishing that the Government had evidence to support each element of the illegal reentry charge.  *Id.* at 12-13.  The Court asked De

Leon if he disagreed with anything the prosecutor stated, and De Leon stated that everything was true.  *Id.* at 13.  De Leon admitted to the Court that he had been deported in 2007, that he came back to the United States, and that he did not have permission to return.  *Id.* at 15.  This complied with the Court's obligation under Rule 11(b)(3).

The record in this case establishes conclusively that the Court complied fully with the guilty plea procedure set forth in Rule 11 of the Federal Rules of Criminal Procedure.  De Leon is not entitled to relief under § 2255 based on this claim.

### B.    Challenges to Guideline Sentence

De Leon was sentenced to a term of imprisonment of twenty-two (22) months, a sentence near the bottom of the advisory range under the Sentencing Guidelines.  De Leon asserts the Guideline sentence was unreasonable because it was greater than necessary.  De Leon argues also that the Guideline sentence was unreasonable because the Court failed to consider mitigating factors such as his ineligibility for minimum security confinement, drug programs, and "pre-release custody" because of his status as a deportable alien.  *See* § 2255 Motion, p. 9.  De Leon challenges his Guideline sentence as unreasonable also because it "derived from an anomalous guideline provision exclusively bases offense level increases on prior convictions."  *See id.* at 11.

Alleged misapplications of the Sentencing Guidelines are not cognizable in a § 2255 motion. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). As a result, none of the arguments asserted by De Leon challenging his Guideline sentence provides a basis for relief under § 2255.

Moreover, the Court carefully considered the full record in this case, the relevant sentencing factors, and any mitigating factors. The mitigating factors identified by De Leon in his § 2255 Motion were considered by the Court and, based on clearly established Fifth Circuit authority, are not necessarily a basis for a downward departure. *See United States v. Garay*, 235 F.3d 230, 232-33 (5th Cir. 2000). Based on the Court's careful review and consideration of the full record and governing legal authorities, the Court correctly calculated the Total Offense Level at 10, the Criminal History Category at V, resulting in an advisory Guideline range of 21-27 months imprisonment. The Court determined that a reasonable sentence in this case was twenty-two (22) months, and the Court persists in its determination that this is a reasonable and appropriate sentence. De Leon is not entitled to relief under § 2255 based on any of his challenges to his Guideline sentence.

### C.    Waiver of Right to Appeal

In his Third Ground for relief, De Leon asserts that he "unknowingly, and involuntarily waived his right to appeal his sentence as part of the plea agreement."

The record establishes conclusively that De Leon entered a plea of guilty without a plea agreement and did not waive his right to appeal.  As a result, this assertion is refuted by the record and cannot provide the basis for relief under § 2255.

> **D.      Finding of Aggravated Felony**

De Leon asserts that the Court erred by finding that his prior conviction was an aggravated felony "in the absence of state recidivist proceedings."  The record establishes, however, that the Court did not find that De Leon's prior conviction was an aggravated felony.  Indeed, the Court specifically stated that De Leon's criminal history did "not support an aggravated felony."  *See* Sentencing Transcript [Doc. # 40], p. 11.  Consequently, the factual basis for De Leon's argument is incorrect and relief under § 2255 is not available on this claim.

## IV.    CERTIFICATE OF APPEALABILITY

Any review of this Court's decision on De Leon's post-judgment motion for relief from his conviction and sentence is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253(c). Therefore, a certificate of appealability is required before an appeal may proceed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of De Leon's constitutional claims debatable or wrong. Because the defendant does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.   **CONCLUSION AND ORDER**

The record establishes conclusively that De Leon was fully advised of his rights and the potential consequences of his guilty plea before being called upon to plead.

Challenges to a sentence under the Sentencing Guidelines are not cognizable under § 2255 and, moreover, De Leon's challenges in this case are without merit. De Leon did not waive his right to appeal, and his assertion that any waiver was not knowing and voluntary is refuted by the record. The Court did not find that De Leon's prior felony conviction was an aggravated felony and, as a result, his challenge to that alleged finding is without merit. As a result, De Leon is not entitled to relief under 28 U.S.C. § 2255, and it is hereby

**ORDERED** that De Leon's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 34] is **DENIED** and the corresponding civil action (H-11-1499) is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this 13th day of **September, 2011**.

Nancy F. Atlas
United States District Judge